UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
Floyd Sims and
Cynthia Sims,
    Debtors.                       No. 13 - 05-20101 - SR

**MEMORANDUM OPINION ON DEBTORS' AMENDED
MOTION TO RECONSIDER DISMISSAL OF CASE**

On April 3, 2007, the Court entered a Memorandum Opinion on Eligibility (doc 70) finding that Debtors' unsecured debt exceeded the limits of Section 109(e) by $32,112, and an Order Dismissing the Case (doc 71). On April 13, 2007, Debtors filed a Motion for Reconsideration of Order Dismissing Bankruptcy Case (doc 80), and then an Amended Motion for Reconsideration of Order Dismissing Bankruptcy Case (the "Motion")(doc 83).

This matter is now before the Court on Debtors' Motion, the objections thereto by Tom R. Cone (doc 87) and Lea County State Bank ("Bank")(doc 88), the Trustee's joinder in Bank's objection (doc 89), and the Debtors' Reply (doc 90). The Court entered an Order allowing Debtors to supplement the record (doc 91), which the Debtors did (doc 94), and Bank responded (doc 95). This is a core proceeding.[1]

The Motion seeks reconsideration of the Order Dismissing Case in order to provide to the Debtors the option of amending

---

[1]This chapter 13 case was filed prior to the effective date of most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-08, 119 Stat. 23, and therefore the changes enacted by that legislation are not applicable to this case.

their homestead exemption downwards from $60,000 to $27,888. The effect of this amendment would reduce the unsecured debt because Bank's lien on their homestead would not be avoided by a corresponding amount. The result is to increase the secured portion of Bank's claim and correspondingly to reduce the unsecured portion. The Motion also seeks reconsideration of its finding that Bank's claim was not secured to the extent it held a lien on $64,222 of Tom Cone's (a joint debtor to Bank) money interpleaded into a state court case. The Motion also seeks reconsideration that half the value of lots jointly owned by Floyd Sims and Floyd Sims Pipeline Construction, Inc. do not secure Bank's claim, citing Branch Banking & Trust Co. v. Russell, 188 B.R. 542 (E.D. N.C. 1995). Finally, the Motion also seeks reconsideration of the Court's decision that Bank applied the payments correctly.

Debtors' motion was filed within 10 days after entry of the Order, so will be treated as a motion under Rule 59(e). See Lopez v. Long (In re Long), 255 B.R. 241, 244 (10th Cir. B.A.P. 2000). The grounds that warrant a motion to reconsider include 1) an intervening change in the law, 2) new evidence previously unavailable, and 3) the need to correct clear error or prevent manifest injustice. Servants of the Paraclete v. Doe, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion to reconsider is appropriate where the court has misapprehended the facts, a

party's position, or the controlling law." Id.  Motions for
reconsideration should not revisit issues already argued or
advance arguments that could have been raised earlier.  Id.

In its Memorandum Opinion (doc 70), the Court did not
consider Debtors' argument that they would reduce their homestead
exemption if required to fit within the debt limits.  The partial
transcript provided by the Debtors shows that they made this
offer in their opening statement, see doc. 94, p. 20, l. 20 - p.
21, l. 1[2], and the Court erred in not considering it.  Therefore,
the Court has misapprehended the facts and the Debtors' position
regarding the homestead exemption.  Reconsideration of that
portion of the Memorandum Opinion and Order (doc 71) is
appropriate.

Having reconsidered the matter, the Court finds that it
should amend its findings to include the following paragraph:

Debtors offered at trial to reduce their homestead exemption
if necessary to fit within the debt limits of Section 109(e).
The Court finds that a reduction of $32,112 will enable Debtors
to qualify as Chapter 13 Debtors.  Orders will be entered 1)
setting aside the Order Dismissing case, and 2) directing Debtors
to amend their homestead exemption and to file a new Plan in

---

[2] Ms. Meagle: "... So – and, of course, you know, if we're a couple dollars off here and there, I mean, they could even amend their exemption; but I don't think that's necessary."  In its previous review of the oral transcript, the Court failed to listen to the opening statements.

accordance with the Memorandum Opinion on Eligibility, as amended by this Memorandum Opinion.

With respect to the Motion to Reconsider the extent of Bank's secured claims (on the interpleaded funds and the jointly owned property), the Court finds that it should not change its prior ruling.  Debtors cite <u>Branch Banking & Trust Co. v. Russell</u>, 188 B.R. 542 (E.D. N.C. 1995) as support for including Tom Cone's interplead funds and the full value of the jointly owned land in the secured claim.  The Court has reviewed <u>Russell</u> and is convinced that it was incorrectly decided.  <u>See also</u> <u>In re Brown</u>, 250 B.R. 382, 386 (Bankr. D. Idaho 2000)(Court declines to follow <u>Russell</u>.)

Finally, the Debtors provide no basis to reconsider the Court's earlier decision upholding the Bank's method of applying payments, so that portion of the Motion should be denied.  The Court will enter an Order in conformity with this Opinion.

/s/ James S. Starzynski
Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

James A Askew
Attorney for LCSB
PO Box 1888
Albuquerque, NM 87103-1888

Shay E Meagle
Attorney for Debtors
PO Box 30707
Albuquerque, NM 87190-0707

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

Tom R. Cone
PO Box 778
Jay, OK 74346